# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## McDevitt v. Frantz.

### March 21st, 1889.

RESULTING TRUSTS —Where, under decree of court, money is loaned to
purchaser to pay part of price of land, a trust will not result in favor of
the owners of such money.

Application for rehearing of decision of this court, rendered
on appeal from decree of circuit court of Elizabeth City county,
rendered June 4th, 1887, in the cause of Martin McDevitt and
Florence, his wife, against Louisa Frantz, in her own right and
as executrix of Anna M. Sewell, deceased, and others.   See *Mc-
Devitt* v. *Frantz, ante,* p. 740.

*A. S. Segar,* and *Jos. Christian,* for the appellants.

*Thomas Tabb,* and *Henley & Peachy,* for the appellees.

HINTON, J., delivered the opinion of the court.

This case is before us on a rehearing, and has been again
carefully examined.   At the last term the decree of the lower
court was affirmed, when an opinion was delivered by Judge
Fauntleroy, in which principles of law applicable to resulting
trusts, so far as is necessary for the present case, are stated with
sufficient fullness to render it unnecessary for us to further advert
to them.   The contention of the appellants, to prevail in this
case, must go to the extent of claiming that a trust will result
to the persons whose money has been used in paying off part of

the purchase price of property, although such money has been, under a decree of a court of competent jurisdiction, merely loaned to the purchaser. Such a doctrine finds no support, either in the adjudged cases or in any principle of law with which we are acquainted. By the very terms of the decree of the court of Cecil county, Maryland, the money in which these appellants claim an interest was directed to be made a first lien upon the real estate in controversy, a direction consistent only with a purpose on the part of the court to loan this money upon said property, and utterly at war with the idea of the appellants that it was the intention of the court to invest this money in the purchase of any part of said property. This, in our judgment, is sufficient to dispose of the case. We have carefully examined the cases cited by the appellant, and can find nothing in them in conflict with this view; indeed, in *White* v. *Sheldon*, 4 Nev. 287, the court expressly says: "So it must usually be shown that the money was not loaned to the trustee, for, from the mere circumstance of money being advanced for another, the law would presume a loan or payment of a debt." It is only necessary for us to add that Mrs. McDevitt and Mrs. Stewart were not competent witnesses, in the opinion of the president of this court and myself, not for the reason assigned in the previous opinion rendered in this case, but because, as Mrs. Sewell, one of the parties to the transaction under investigation, is dead, the other parties cannot, under the statute, be permitted to testify. The decree of the circuit court of Elizabeth City county is right, and must be affirmed.

LEWIS, P., and RICHARDSON, J., dissented.

DECREE AFFIRMED